# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2093

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Joseph Thompson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 19, 2009
Filed: March 25, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joseph Thompson appeals the district court's[1] order committing him to the custody of the Attorney General under 18 U.S.C. § 4246, and we affirm.

Section 4246 provides for the indefinite hospitalization of a person who has been committed to the custody of the Attorney General under 18 U.S.C. § 4241(d)

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

(concerning mental incompetence to stand trial) and who is found--after a hearing, by clear and convincing evidence--to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. See 18 U.S.C. § 4246. In this case, the district court found that commitment was appropriate because state placement was unavailable and the mental health professionals who examined Thompson unanimously believed that his limited intelligence, history of substance abuse, and antisocial personality disorder, coupled with self-reported hallucinations sometimes commanding him to hurt others, created a risk of dangerousness within the meaning of section 4246 if Thompson were unconditionally released. We hold that this finding is not clearly erroneous. See United States v. Williams, 299 F.3d 673, 676-77 (8th Cir. 2002) (standard of review). We note that Thompson's custodians are under an ongoing obligation to prepare annual reports concerning Thompson's mental condition and the need for his continued hospitalization, see 18 U.S.C. § 4247(e)(1)(B), and to exert reasonable efforts to place Thompson in a suitable state facility, see 18 U.S.C. § 4246(d).

The judgment of the district court is affirmed, and counsel's motion to withdraw is granted.

_____